NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1566
_____

TERRANCE ROSS WILLAMAN,
                                        Appellant
v.

ERIE BUREAU OF ALCOHOL TOBACCO
FIREARMS AND EXPLOSIVES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-00229)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 25, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Terrance Ross Willaman appeals pro se from an order of the United States District Court for the Western District of Pennsylvania dismissing as moot an action in which he sought to compel the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to answer questions pertaining to the processing of applications for relief from firearms disabilities. We will affirm.

In 2005, Willaman was convicted of unlawfully possessing a machine gun. See 18 U.S.C. § 922(o)(i). He was sentenced to 27 months of imprisonment. We affirmed. United States v. Willaman, 437 F.3d 354 (3d Cir. 2006). He was released from prison in February 2008. As a result of his conviction, Willaman is prohibited from possessing firearms of any kind. 18 U.S.C. § 922(g)(1). But the Gun Control Act of 1968 provides that individuals prohibited from possessing firearms may "appl[y] . . . for relief from the disabilities imposed by Federal laws." 18 U.S.C. § 925(c). In response to Willaman's inquiries about applying for such relief, the ATF informed him that its "annual appropriation has prohibited the expenditure of any funds to investigate or act upon applications for relief from Federal Firearms disabilities submitted by individuals."

In a letter dated May 20, 2013, Willaman, citing the Freedom of Information Act (FOIA), asked the ATF whether, because it could not expend funds for processing applications under § 925(c), the cost of processing the application could be borne by an individual applicant. When he did not receive a response to his inquiry by July 2013, Willaman filed an action in the District Court. The filing was titled "Petition for Writ of Mandamus," but also cited the FOIA, the Declaratory Judgment Act, and the

Administrative Procedures Act. Willaman stated that he was "only asking [the] court to order the [ATF] to answer the questions it received." While that action was pending, the ATF responded to Willaman's inquiry by letter dated January 6, 2014.[1] Consequently, a Magistrate Judge recommended that the action be dismissed as moot because Willaman had received the relief that he originally sought. Over Willaman's objections, the District Court adopted the Magistrate Judge's Report and Recommendation, stated that it was unable to grant a writ of mandamus, and dismissed the action.[2] Willaman appealed.[3]

To the extent that Willaman sought relief under the FOIA, the ATF properly concluded that his request did not "reasonably describe[]" the records sought. 5 U.S.C. § 552(a)(3)(A). Instead, Willaman requested that the ATF explain why an individual could not pay for the processing of an application under § 925(c). It is clear, however, "that nothing in the [FOIA] requires 'answers to interrogatories' but rather and only

---

[1] In its response, the ATF explained that Willaman's letter was "not a proper FOIA request" because that statute does not require that agencies answer questions. Therefore, the ATF administratively closed the FOIA request. Nevertheless, the ATF answered Willaman's questions, explaining that allowing an individual to pay for the processing of an application under § 925(c) would "circumvent Congressional intent," would violate 13 U.S.C. § 1341 (prohibiting government officials and employees from making expenditures in excess of available appropriations), and would result in funds being "deposited into the Government's general fund, which is separate and distinct from ATF's budgetary funds."

[2] The District Court also dismissed as moot Willaman's motion for summary judgment and to take judicial notice, and his motion to rule on those motions.

[3] We have jurisdiction under 28 U.S.C. § 1291.

disclosure of documentary matters which are not exempt." DiViaio v. Kelley, 571 F.2d 538, 542-43 (10th Cir. 1978).

In addition, Willaman is not entitled to a writ of mandamus compelling the ATF to answer his questions. A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must establish that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). After Willaman filed the action in the District Court, the ATF explained why it cannot act on applications for relief under § 925(c), even if an individual were to pay the cost of processing such an application. Therefore, his request for mandamus relief is moot.[4] Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

For the foregoing reasons, we will affirm the judgment of the District Court.[5]

---

[4] Although Willaman suggests in his brief that the ATF should provide copies of the authorities cited in its response of January 6, 2014, he has failed to establish that he has no other means of obtaining that material.

[5] Willaman's motion to file a reply brief out of time is granted, and we have considered the arguments raised in the reply brief.

4